Maria Elena Gallegos
RIOS, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72453.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.[*]

Filed July 27, 2006.

Sung Uk Park, Esq., Law Offices of
Sung U. Park, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Kurt B. Larson, Esq., Stacy S. Paddack,
DOJ–U.S. Department of Justice, Civil
Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and
THOMAS, Circuit Judges.

MEMORANDUM [**]

Maria Elena Gallegos Rios, a native and
citizen of Mexico, petitions for review of
the Board of Immigration Appeals' adopting and affirming, with additions, an immigration judge's decision denying her application for cancellation of removal. She
contends that the immigration judge denied her due process by improperly disregarding uncontested evidence of the hardship that her United States citizen child
would suffer if she were removed to Mexico. We deny the petition for review.

Respondent contends that we lack jurisdiction over the petition for review because, pursuant to 8 U.S.C.
§ 1252(a)(2)(B)(i), we lack jurisdiction to
review the Board's discretionary determination that Gallegos Rios did not demonstrate sufficient hardship under 8 U.S.C.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1229b(b)(1)(D). We do not have jurisdiction to review this discretionary determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We do, however, have jurisdiction to review colorable due process claims. *See id.*

Gallegos Rios contends that the immigration judge denied her due process by giving insufficient weight to hardship evidence, including a psychological report. As the Board concluded, the record shows that the immigration judge considered all of the evidence and appropriately determined that the hardship standard had not been met. A difference of opinion as to the weight a piece of evidence should be given is not a colorable due process claim. We therefore dismiss the petition for review for lack of jurisdiction. *See id.*

**PETITION FOR REVIEW DISMISSED.**